UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMEL WILLIAM DALLUGE,<br><br>   Petitioner,<br><br> vs.<br><br>STATE OF WASHINGTON,<br><br>   Respondent. | NO.  CV-07-055-LRS<br><br>ORDER DISMISSING PETITION FOR LACK OF JURISDICTION |

  BEFORE THE COURT are Petitioner's First Amended Petition (Ct. Rec. 8) and Memorandum (Ct. Rec. 9).  Petitioner, a prisoner currently housed at the Washington Correction Center, is proceeding pro se and in forma pauperis; Respondent has not been served.  By Order filed March 9, 2007, the court advised Petitioner of the deficiencies of his petition and directed him to amend.  After review of Petitioner's submissions, however, the court finds he has failed to remedy the deficiencies of the initial petition.

  Petitioner asserts that without a declination hearing in 1997, he was tried as an adult.  He was charged with two counts of Second Degree Rape, one count of Third Degree Rape and one count of Third Degree Rape by Complicity.  A jury found him guilty of Third Degree

ORDER DISMISSING PETITION FOR LACK OF JURISDICTION -- 1

Rape and Third Degree Rape by Complicity.[1]  He was initially sentenced to 14 months incarceration, but was re-sentenced to 29 months after the State successfully appealed the original sentence.  Petitioner's cross-appeal of his conviction was not successful. See State v. Dalluge, 98 Wash. App. 1016 (2000)(unpublished opinion).  A subsequent appeal of his sentence was also unsuccessful. State v. Dalluge, 111 Wash. App. 1014 (2002)(unpublished opinion).

Nevertheless, Petitioner successfully pursued a Personal Restraint Petition. See In re Dalluge, 152 Wash.2d 772, 110 P.3d 279 (2004).  The Washington State Supreme Court found the trial court erred in failing to remand to the juvenile court after the state amended the charging information.  The State Supreme Court remanded to the Superior Court for a "de novo decline hearing" under Dillenburg v. Maxwell, 70 Wash.2d 331, 355-56, 413 P.2d 940, 422 P.2d 783 (1966). Petitioner complains this "decline hearing" has been "up in the air" for the past two and a half years and asks this federal court to intervene to require the decline hearing.

Petitioner then appears to be alleging a "de novo decline hearing" would violate his equal protection rights under the Fourteenth Amendment.  He contends the "acquitted" charges of Second

---

[1]The court takes judicial notice of the fact a separate jury convicted Mr. Dalluge of second degree burglary, second degree theft, and three counts of vehicle prowling in 1998. See State v. Dalluge, 96 Wash. App. 1069 (1999)(unpublished opinion).  Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981).

ORDER DISMISSING PETITION FOR LACK OF JURISDICTION -- 2

Degree Rape are being used to decline him in violation of Double Jeopardy. He further complains these "in the air" convictions are being used to enhance subsequent sentences. Petitioner states he is "now turn[ing] to this court for answers and guidance."

A federal habeas court, however, is not an advisory court, U.S. Const. Art. III, § 2 (extending federal judicial power only to "cases" and "controversies"). As stated in the court's previous Order, it is a jurisdictional prerequisite that a section 2254 petitioner be in custody at the time his section 2254 petition is filed. 28 U.S.C. § 2254; Maleng v. Cook, 490 U.S. 488, 492-93 (1989); Feldman v. Perrill, 902 F.2d 1445, 1448-49 (9th Cir. 1990). Absent exceptional circumstances, a federal court will not intervene in ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 40 (1971).

This court lacks jurisdiction to consider any direct challenge to Mr. Dalluge's 1997 Grant County convictions for Third Degree Rape and Third Degree Rape by Complicity as that sentence has either expired, or the conviction has been remanded and criminal proceedings are still pending. See Maleng, 490 U.S. at 493; Feldman, 902 F.2d at 1448-49. To the extent current criminal charges are pending or Petitioner was recently convicted, a challenge to the possible use of the 1997 Grant County convictions are premature. See Younger, 401 U.S. at 40.

Petitioner fails to identify on the petition form the conviction for which he is currently incarcerated. Also, he does not assert he has sought relief in the Superior Court, Court of Appeals, or the Washington State Supreme Court regarding the failure to conduct a decline hearing and the impact of this on subsequent criminal

ORDER DISMISSING PETITION FOR LACK OF JURISDICTION -- 3

Case 2:07-cv-00055-LRS    Document 12    Filed 05/24/07

proceedings.

In addition, Petitioner continues to name an improper party as Respondent. A petitioner for habeas corpus relief must name the state officer having custody of him as the respondent to the petition. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). Failure to name the petitioner's custodian as a respondent has deprived this court of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Accordingly, **IT IS ORDERED** the First Amended Petition is **DISMISSED without prejudice** for lack of jurisdiction.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward copies to Petitioner and close the file.

**DATED** this ___24th___ day of May, 2007.

s/Lonny R. Suko

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PETITION FOR LACK OF JURISDICTION -- 4